## Joseph Cook's Exrs., Plffs. in Err, v. Henry D. Foster's Admr.

The mere entry of a judgment by an attorney at law, without more, imposes on him no liability to notify his client or revive the judgment when the lien is about to expire.

### (Decided October 18, 1886.)

Error to the Common Pleas of Westmoreland County to review a judgment on a verdict directed for defendant in an action of assumpsit.   Affirmed.

This action was brought by the executors of Joseph Cook, to recover of defendant, as administrator of Henry D. Foster, damages for the alleged negligence of said Foster in not keeping a judgment revived.   The facts as they appeared in the court below are as follows:   November 24, 1871, Henry D. Foster, Esq., an attorney at law, appeared and entered a judgment in favor of Cook's executors against one Samuel Finney for $1,-945.80.   At that time Finney was owner of real estate upon which this judgment was a first lien.   March 27, 1878, Finney was adjudged a bankrupt, and an assignee was afterwards appointed and the property of the bankrupt was sold by him and

NOTE.—A similar ruling is found in Merrill v. Norton, 2 Walk. (Pa.) 213, where money of the client was loaned and a judgment note taken, which the attorney delivered without entering judgment thereon. If negligence can, however, be shown in the performance of a duty undertaken, a recovery may be had. Waln v. Beaver, 161 Pa. 605, 29 Atl. 114, 493. As to liability of attorney to client for mistake, see editorial note to Hill v. Mynatit, 52 L. R. A. 883, containing a full presentation of the authorities on that subject.

the proceeds brought into court for distribution. It having appeared that the lien of this judgment was gone, five years having elapsed since its entry and it not having been revived, the plaintiffs therein were allowed to participate in the distribution only as common creditors, resulting in a loss to them of about $1,500. Plaintiffs subsequently brought this action, claiming that the loss was occasioned by the neglect of Henry D. Foster, the attorney in the case, in not keeping the judgment revived.

The defendant presented, among others, the following points:

2. That there can be no recovery, for the reason that it has not been shown that the defendant's decedent was guilty of negligence in failing to notify his clients, if they were his clients, that the lien of their judgment was about to expire.

3. There being no proof that the decedent, Hon. Henry D. Foster, was not a skilful and careful attorney, he is presumed to have acted with ordinary skill and care, and to have done everything necessary to call his clients' attention to the condition of their judgment. Until it has been shown that he did not do so, and there being no proof that he did not exercise ordinary skill and care in this regard, there can be no recovery in this case.

4. The mere entry of a judgment by an attorney at law, without more, imposes on him no liability to notify his client or revive the judgment when the lien is about to expire.

5. Even if his duty required him to notify his clients, the mere fact that the judgment was not afterwards revived will not warrant the jury in presuming that he did not notify his clients or was guilty of negligence.

6. Plaintiffs having failed to prove that the failure to revive was not on account of express instructions from them to that effect, it will be presumed that decedent did his duty and acted according to his instructions.

7. Under all the evidence plaintiffs cannot recover.

Answers from 2 to 7 inclusive: "We need not discuss these propositions severally or at length, but shall content ourselves with saying to you that they may be affirmed in so far as they invoke two principles, namely: first, that the party setting up negligence must prove it; and second, the presumption would be in favor of the attorney and that he exercised proper care in the discharge of his duty.

"The fourth point, however, is deserving of a more explicit answer because we look upon it as controlling in the case. The

plaintiffs rely on the mere fact of the judgment not being revived as sufficient evidence, or evidence *per se,* that the attorney was guilty of negligence.

"We have said by an affirmative answer to plaintiffs' first point that 'it is the legal duty of an attorney intrusted with the collection or care of a judgment not to suffer it to lose its lien unless he be released from that duty by the plaintiff whom he represents.' But the mere entry of a judgment by an attorney, of itself and in the absence of other showing, would not be sufficient proof that the judgment was either intrusted to him for collection or continuous care. The entry of a judgment is an act by itself. The collection of it or a further watch over it might be an additional duty. So that to render an attorney liable in an action for negligence for the nonrevival of a judgment, the plaintiffs should reasonably satisfy the jury of the contract or the purpose for which the judgment note or bond was given in his charge.

"There should be some proof from which it could be fairly inferred that the judgment was placed in the care of the attorney, not simply that the obligation was left with him to be entered.

"We think, therefore, that the plaintiffs have fallen short in their proof, and your verdict should be for the defendant."

A verdict was rendered for defendant, upon which judgment was entered; and plaintiffs took this writ, assigning as error the answer of the court to defendant's points above given.

*Hazlett & Williams* and *McAfee, Atkinson, & Peeples,* for plaintiffs in error.—An attorney is one who is put in the place, stead, or turn of another, to manage his matters at law. 3 Bl. Com. 25; Spelman, Gloss. *Termes de la Ley.*

His principal duties are: to be true to the court and to his client; to manage the business of his client with care, skill, and integrity. 4 Burr. 2061; 1 Barn. & Ald. 202; 2 Wils. 325; 1 Bing. 347.

Also to keep his client informed as to the state of his business, and to keep his secrets confided to him as such. Bouvier, Law Dict. title, *Attorney.*

He may make himself liable to his client for a neglect of a professional duty which he has undertaken to perform, and if employed to collect a note he is bound to use reasonable skill and diligence, and for want of these he is liable. Braine v. Spald-

ing, 52 Pa. 247; Bradstreet v. Everson, 72 Pa. 133, 13 Am. Rep. 665.

If a suit be brought against a defendant who gives insufficient bail, of the entry of which the attorney of the plaintiff does not give him notice, whereby he is prevented from excepting to it, and after the defendant has absconded, judgment is obtained against him, an action may be maintained against the attorney for a neglect of duty, notwithstanding the fact that there was in the original action a fatal defect of which the defendant might have availed himself, and prevented a recovery. M'Williams v. Hopkins, 4 Rawle, 382.

If a claim or debt intrusted to the professional care of an attorney for collection is not, through his neglect, collected or secured when it might and reasonably ought to have been, the attorney is liable for the actual loss sustained by reason of his negligence; and it will not do to say his neglect is excused by the subsequent laches of a volunteer who, possibly, by the exercise of extraordinary diligence, might have made the debt from the wreck of a failing man's fortune. Livingston v. Cox, 6 Pa. 360; Lynch v. Com. 16 Serg. & R. 368, 16 Am. Dec. 582; Cox v. Livingston, 2 Watts & S. 103, 37 Am. Dec. 486.

*Marchand & Gaither* and *Moorhead & Head* for defendant in error.

PER CURIAM:

The court's affirmance of the defendant's fourth point, which reads as follows: "The mere entry of a judgment by an attorney at law, without more, imposes on him no liability to notify his client, or revive the judgment when the lien is about to expire,"—was undoubtedly proper. In such case, an attorney is employed for a special purpose, the confession of the judgment, and when that is done his duty ends. *Non constat* that the client desires him to take charge of the judgment after its entry, for the additional responsibility necessarily involves additional fees which the owner of the judgment may not be willing to pay. As well might prothonotaries who have, under the act of assembly, the same power to confess judgments on judgment bills as have attorneys at law, be charged with their subsequent care and revival.

The judgment is affirmed.